UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOARD OF TRUSTEES OF THE WASHINGTON MEAT INDUSTRY PENSION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>HAMMOND FOOD, et al.,<br><br>Defendants. | CASE NO. C13-0474JLR<br><br>ORDER GRANTING DEFAULT JUDGMENT |

## I.  INTRODUCTION

This matter comes before the court on Plaintiff Board of Trustees of the Washington Meat Industry Pension Trust's ("Board") motion for default judgment and summary judgment against Defendant Hammer's Outdoor World, LLC ("Hammer's"). (*See* Mot. (Dkt. 18).)  Hammer's has not responded to the motion.  (*See generally* Dkt.) Having reviewed the Board's motion, all submissions filed in support thereof, the balance

ORDER- 1

of the record, and the applicable law, the court GRANTS Plaintiff's motion for default judgment.[1]

## II. BACKGROUND

The Board brought suit against Hammer's and Hammond Food, Inc. ("Hammond Food") for withdrawal liability under the Employee Retirement Income Security Act of 1974 ("ERISA"). (*See generally* Compl. (Dkt. # 1).) The Board alleged that Hammer's and Hammond Food are jointly and severally liable because they share common ownership and are in the same controlled group entity. (*Id.* ¶ 5.)

Hammond Food failed to appear or file a responsive pleading. (*See generally* Dkt.) Accordingly, the court granted default judgment against Hammond. (*See* 6/17/13 Order (Dkt. # 10).)

Hammer's filed an answer to the complaint. (*See* Ans. (Dkt. # 11).) The Board served Hammer's with requests for production on August 5, 2013. (*See* Dwarzski Decl. (Dkt. # 20) ¶ 2.) Hammer's failed to respond to the Board's discovery requests for seven months. (*See id.* ¶¶ 3-10.) In February, the court granted the Board's unopposed motion to compel a response to these requests. (*See* 2/14/14 Order (Dkt. # 17).) The court also awarded the Board its attorney's fees as a sanction. (*Id.* at 2.)

//

---

[1] No party has requested oral argument or an evidentiary hearing with respect to this motion, and the court deems neither oral argument nor an evidentiary hearing to be necessary. *See Lambright v. Ryan*, 698 F.3d 808, 825-26 (9th Cir. 2012) (holding that a district court has the discretion, but is not required, to hold an evidentiary hearing prior to imposing sanctions on a party, and that where both parties were afforded an opportunity to fully brief the sanctions issue, due process was satisfied, and the court did not abuse its discretion in declining such a hearing).

Hammer's, however, still has not responded to the Board's discovery requests. (*See* Dwarzski Decl. ¶ 10.)  The Board now brings this motion for default judgment or, in the alternative, summary judgment.  (*See* Mot.)  Hammer's has not responded to the motion.  (*See generally* Dkt.)

### III.    DEFAULT JUDGMENT

Pursuant to Federal Rule of Civil Procedure 37(b)(2), a court may exercise its discretion to impose sanctions on a party for failure to "to obey an order to provide or permit discovery," including "prohibiting the disobedient party from supporting or opposing designated claims or defenses . . . striking pleadings in whole or in part . . . [or] rendering a default judgment against the disobedient party."  Fed. R. Civ. P. 37(b)(2)(A)(ii), (iii), (vi).  Default judgment is available as a sanction in appropriate cases "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."  *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam).[2]

To justify case-dispositive sanctions under Rule 37(b)(2), the court must find that the discovery violations were due to "willfulness, bad faith, or fault of the party."  *See Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 770-71 (9th Cir. 1995) (citations and internal quotations omitted).  Disobedient conduct not

---

[2] District courts also have "inherent power to control their dockets" and may "impose sanctions including, where appropriate, default or dismissal."  *Thompson v. Housing Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam).

outside the control of the litigant is all that is required to demonstrate willfulness, bad faith or fault. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948-49 (9th Cir. 1993).

In exercising their discretion under Rule 37, courts consider five factors to determine whether case-dispositive sanctions are appropriate: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Conn. Gen. Life Ins. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). This five-part "test" is not mechanical; rather, it provides "the district court with a way to think about what to do, not . . . a script that the district court must follow." *Id.* at 1096.

The court has little difficulty finding that Hammer's failure to comply with the court's discovery order was willful or consisted of disobedient conduct not outside the control of Hammer's. There is no indication that Hammer's was unaware of the discovery order: the order was posted on the docket, and, in addition, the Board's counsel sent Hammer's counsel a letter attaching the order. (*See* Dwarzski Letter (Dkt. # 20-4).) In response, Hammer's counsel represented that Hammer's intended to comply with the requests. (Bailey Email (Dkt. # 20-5).) Although the order required Hammer's to respond to the requests within one week (*see* 2/14/14 Order), over three months have passed, and Hammer's has shown no indication that it intends to comply. Moreover, Hammer's has not provided any explanation or reason why it failed to comply with the discovery requests. Therefore, the court concludes that Hammer's failure to comply with the court's discovery order is willful.

Having found willfulness, the court next considers the five factors regarding whether the imposition of terminal sanctions is appropriate.

> "Where a court order is violated, the first two factors [the public's interest in expeditious resolution of litigation and the court's need to manage its docket] support sanctions and the fourth factor [the public policy favoring disposition of cases on their merits] cuts against a default. Therefore, it is the third and fifth factors [the risk of prejudice to the party seeking sanctions and the availability of less drastic sanctions] that are decisive."

*Adriana*, 913 F.2d at 1412; *see also Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). A party suffers prejudice if the opposing party's actions impair the moving party's "ability to prove the claims" or "threaten to interfere with the rightful decision of the case." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990) (internal citations omitted). There can be no doubt that Hammer's refusal to participate in discovery has protracted this litigation, interfered with obtaining a rightful decision on the merits, prevented the Board from obtaining important evidence, and impaired the Board's ability to obtain a fair trial. The court finds that the Board has been prejudiced in a manner that supports the entry of case-dispositive sanctions.

The fifth factor—the availability of less drastic sanctions—has three subparts: "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Conn. Gen. Life Ins.*, 482 F.3d at 1096. The court has both considered and tried lesser sanctions to encourage Hammer's compliance with discovery rules and the court's discovery order. The court's order compelling Hammer to respond to the Board's requests for production imposed monetary sanctions against Hammer in the form of attorney's fees. (*See* 2/14/14

ORDER- 5

Order at 2.)  Furthermore, the default judgment issued against Hammer's co-defendant, Hammond Food, for failure to file a responsive pleading put Hammer's on notice as to the consequences for the failure to meet court deadlines. (*See* 6/17/13 Order.)  Finally, Hammer's has not responded to the last two motions filed with the court, and there has been no docket activity by Hammer for the past six months.  (*See generally* Dkt.)  The court is forced to conclude that lesser sanctions have been and will continue to be unavailing.  Accordingly, the court grants Plaintiff's motion for sanctions in the form of a default judgment against Hammer's.  *See Connecticut Gen. Life Ins.*, 482 F.3d at 1097 (upholding a sanction of default judgment against a party who refused to comply with discovery requests and orders).

## IV. DAMAGES

Pursuant to the entry of default, the allegations in the complaint, except for those relating to damages, are determined to be true.  *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).  If the requested damages are not a sum certain, a court may hold a hearing to determine damages.  *Id.*; *see also* Fed. R. Civ. P. 55(b).  Here, Hammer's shares common ownership with and is part of the same controlled group as Hammond Food.  (Compl. ¶ 5.)  Because members of a controlled group are treated as a single employer for purposes of resolving ERISA disputes, Hammer's is jointly and severally liable for Hammond Food's withdrawal liability.  *See* 29 U.S.C. § 1401(f)(3)(B).  This court previously determined Hammond Food's withdrawal liability, as well as the concomitant liquidated damages and interest owed pursuant to the Washington Meat Industry Pension Trust's Trust Agreement.  (*See* 6/17/13 Order.)  As

ORDER- 6

such, for the reasons specified in its previous order and judgment, the court finds that Hammer's is liable for $226,886.08 in withdrawal liability, $45,377.22 in liquidated damages, and $33,715.89 in interest.[3]

## V. ATTORNEY'S FEES

ERISA § 502(g)(2)(D) provides that the court shall award reasonable attorney's fees and costs to be paid by the defendant. 29 U.S.C. § 1132(g)(2)(D). The amount of an award of attorney's fees is within the discretion of the court. *See Tahara v. Matson Terminals, Inc.*, 511 F.3d 950, 955 (9th Cir. 2007) ("This court grants considerable deference to a district court's determination as to what hours are excessive, redundant, or otherwise unnecessary.") In determining reasonable attorney's fees, the district court should first calculate a lodestar (the number of hours reasonably expended in the litigation multiplied by a reasonable hourly rate) adjusted by the "*Kerr* factors." *McGrath v. Co. of Nev.*, 67 F.3d 248, 252 (9th Cir. 1995). Under *Kerr*, the following factors are appropriate for consideration in determining a reasonable attorney's fee award: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience,

---

[3] Specifically, the Trust Agreement provides for a liquidated damages fee that is 20 % of the original delinquent amount and for interest calculated at a 12 % simple interest rate from the date that the payment became delinquent. (*See* Agreement (Dkt. # 19-1) ¶ 2.) The Board's motion calculated the interest accrued as of the date of the motion, April 2, 2014. (*See* Bough Decl. (Dkt. # 19) Ex. B.) The court awards interest accrued as of the date of the judgment, May 15, 2014.

1 | reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the
2 | nature and length of the professional relationship with the client, and (12) awards in
3 | similar cases.  *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975).
4 | Only relevant factors must be considered.  *Id.*
5 |       The court has considered the following relevant factors:  the time and labor
6 | required, the novelty of the issues and difficulty of the case, the preclusion of other
7 | employment by the Board's attorneys, the customary nature of the Board's attorney's
8 | fees, the amount involved in the litigation and the results obtained, and the experience
9 | and ability of the Board's attorneys.  (*See* Fee Report (Dkt. # 20-8), Fee Calc. (Dkt. # 20-
10 | 9).)  Based on this consideration, the court finds that the hours billed are justified by the
11 | facts and nature of the case and that the rates charged are reasonable.  Accordingly, the
12 | court grants the Board's motion for attorney's fees in the amount of $2,951.00.
13 | //
14 | //
15 | //
16 | //
17 | //
18 | //
19 | //
20 | //
21 | //
22 | //

ORDER- 8

## VI.  CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiff's motion for default judgment (Dkt. # 18).  Plaintiff is entitled to judgment against Hammer's Outdoor World, LLC in the amount of $226,886.08 in withdrawal liability, $45,377.22 in liquidated damages, $33,715.89 in interest, and $2951.00 in attorney's fees, with post-judgment interest to accrue pursuant to 28 U.S.C. § 1961.

Dated this 15th day of May, 2014.

JAMES L. ROBART
United States District Judge